

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# In Re D'Amario

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2340

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re D'Amario " (2007). *2007 Decisions.* Paper 993.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/993

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-235                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2340
_____

IN RE: ARTHUR D'AMARIO,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 01-cr-00346)
_____

Submitted Under Rule 21, Fed. R. App. P.
May 17, 2007

Before:   RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed: June 6, 2007)

_____

OPINION
_____

PER CURIAM

     Arthur D'Amario has filed a petition for a writ of mandamus in which he requests

that this Court order the District Court to re-enter its judgment against him in a criminal

case.  D'Amario asks for this relief in order to file another appeal.  He alleges that he

withdrew the appeal of his conviction and sentence docketed at C.A. No. 02-2371

because he was denied new counsel on appeal.  However, D'Amario did not withdraw the

appeal at C.A. No. 02-2371.[1]  D'Amario withdrew the appeal of his conviction and sentence which was docketed at C.A. No. 02-3011.

The writ of mandamus will issue only in extraordinary circumstances.  See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought.  Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue.  See In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997).  In this case, a direct appeal was available to D'Amario.  By order entered October 8, 2002, the Clerk warned D'Amario that if he chose to withdraw his appeal, he would be giving up his constitutional right to have the District Court's order reviewed.  D'Amario chose to withdraw his appeal.  D'Amario cannot show that he has a clear and indisputable right to re-entry of the criminal judgment and a new appeal.

Accordingly, we will deny the petition for a writ of mandamus.

---

[1] In that case, the government appealed the downward departure the District Court gave D'Amario at sentencing.  We vacated the sentence and remanded the matter for re-sentencing.  See United States v. D'Amario, 350 F.3d 348 (3d Cir. 2003).